IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED

NOV 2 5 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA,

    v.

PHILLIP D. BOSKET,

    Defendant.

CRIMINAL NO. 2:13-CR-111

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Sever Counts per Federal Rules of Criminal Procedure 8(a) and 14. ECF No. 12. For the reasons stated herein, the Court **DENIES** Defendant's Motion to Sever Counts. ECF No. 12.

### I.    PROCEDURAL AND FACTUAL HISTORY

A federal grand jury indicted Philip D. Bosket ("Defendant") on August 21, 2013. ECF No. 1. The Indictment charges Defendant with two counts of interference with commerce by means of robbery (one completed, one attempted), two counts of use of a firearm during a crime of violence, and two counts of possessing a firearm as a convicted felon. ECF No. 1.

Defendant asks the Court to sever Counts 1, 2, and 3 from Counts 4, 5, and 6. In essence, Defendant asks to be tried separately for the attempted and completed robberies. The Government opposes the instant Motion and filed its Response on October 24, 2013. ECF No. 13. A Hearing was held November 25, 2013 where counsel argued the merits.

After the November 25, 2013 hearing, the Court denied the Motion to Sever Counts. This Opinion and Order reflects the Court's reasoning for denying Defendant's Motion.

The Government alleges, in its Response to Defendant's Motion for Severance, ECF No.

13, that on April 4, 2013, Defendant attempted to rob a Langley Federal Credit Union in Norfolk, Virginia. The Credit Union security guard allegedly confronted the armed Defendant, who then fled on foot. While fleeing, Defendant allegedly dropped a firearm and the ski mask he wore to cover his face before entering a gold minivan. Camera stills from the Credit Union allegedly took photographs of the Defendant. An Ambulance passing by allegedly captured video of the fleeing Defendant, and a nearby security guard also observed him fleeing and discarding the firearm and ski mask. DNA evidence from the ski mask allegedly matches that of the Defendant.

The Government further alleges that Defendant robbed a Wells Fargo Bank in Portsmouth, Virginia on May 30, 2013. Before entering the Bank, an employee of a nearby business allegedly observed Defendant pacing in front of the Wells Fargo. Finding this behavior odd, the employee took down Defendant's license plate number and allegedly observed him flee in the vehicle. The police allegedly later used this information to identify the Defendant. Video from the Bank shows a man wearing a ski mask and brandishing a firearm demand money from a Bank teller. Defendant allegedly forced the teller to place the money in a Food Lion bag. Having allegedly robbed the bank at gunpoint, Defendant fled the scene. Police then allegedly pursued Defendant in a high speed chase. During this chase, it is alleged that Defendant jettisoned his handgun, ski mask, and a Food Lion bag containing the Wells Fargo's money from a gold minivan. An off-duty policeman and another officer giving chase secured the money. The discarded ski mask and firearm were nearby to the bag of money. The mask contained DNA evidence, the gun did not. Defendant crashed his vehicle and was apprehended.

## II.     STANDARD OF REVIEW

Federal Rule of Criminal Procedure 8(a) provides that "[t]he indictment . . . may charge a defendant in separate counts with [two] 2 or more offenses if the offenses charged . . . are of the same or similar character . . . or are connected with or constitute parts of a common scheme or

2

plan. Fed. R. Crim. P. 8(a). The Fourth Circuit has interpreted "Rule 8(a) [to] 'permit[] very broad joinder' because of the efficiency in trying the defendant on related counts in the same trial." *United States v. Cardwell*, 433 F.3d 378, 385 (4 Cir. 2005) (citing *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003). Rule 8(a), however, cannot be stretched to cover offenses which are discrete and dissimilar. *Mackins*, 315 F.3d at 412 (citing United States v. Richardson, 161 F.3d 728, 733 (D.C. Cir. 1998)).

Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses . . . for trial appears to prejudice a defendant . . . the court may order separate trials of counts . . . ." Fed. R. Crim. P. 14(a). The Rule exists for those rare cases where joinder is proper under Rule 8(a) but severance is required. *Cardwell*, 433 F.3d at 387. Rule 14 severance should be granted only in those cases where "there is a serious risk that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence," not where severance provides Defendant with a better chance of acquittal. *Id.* (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993) and *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995)).

## III. ANALYSIS

Defendant argues that the incidents lack a common *modus operandi* since one was an attempted robbery and the other was completed. Because the incidents lack a common *modus operandi* and occurred weeks apart in two different cities, Defendant argues that joinder is prejudicial *per se*. Alternatively, Defendant argues that joinder would create a prejudicial effect because the jury will conflate evidence between the two incidents and thereby impermissibly infer that Defendant has a criminal disposition or find guilt where guilt should not be found. Defendant contends that a jury instruction to consider the offenses separately will not ensure a fair trial, and that the purported prejudice of a joined trial would outweigh the need for judicial economy. The Court disagrees.

3

Joinder would not be prejudicial *per se*. These counts are precisely the type Rule 8(a) contemplates. The robbery and attempted robbery "are of the same or similar character . . . or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Both sets of counts charge similar conduct – bank robbery and attempted bank robbery. The offenses occurred within two months of each other. At both scenes the Defendant allegedly wore a ski mask, utilized a firearm, and fled into a gold minivan. At both scenes the Defendant allegedly discarded the evidence of each crime while fleeing. The cumulative character of these offenses evinces crimes of the same or similar character. *See United States v. Ketter*, 456 Fed. Appx. 293, 295 (4th Cir. 2011) (concluding that separate counts charging possession of firearms and ammunition by a convicted felon for conduct occurring only months apart were similar in character and thus joinder was proper); *United States v. Acker*, 52 F.3d 509, 512-13 (4th Cir. 1995) (finding bank robberies were of the same or similar character and joinder proper because, among other details, the robber wore a wig, glasses, and a straw hat for each of the four robberies that occurred within a nine-month time period). Contrary to Defendant's contention, this nearly identical conduct evidences a common *modus operandi*. The fact that one robbery was attempted and prevented and the other completed does not transform the *modus operandi* involved. Moreover, the Court rejects Defendant's contention that because the crimes occurred in different cities their joint trial would be prejudicial. Portsmouth and Norfolk lie on opposite sides of the Elizabeth River, are connected by tunnel and ferry, and make up a portion of the greater metropolitan Seven Cities. The allegations here show that the counts are not discrete and dissimilar but share a similar character such that under the permitted "broad joinder" of Rule 8(a) joinder is proper. *Cardwell*, 433 F.3d at 385. Indeed, Defendant could offer no dissimilarities

beyond those asserted above during the November 25, 2013 hearing. Therefore, the Court finds that joinder would not be prejudicial *per se*.

Joinder would not have a prejudicial effect warranting severance under Rule 14. "Trial courts routinely allow joinder of different bank robbery counts against a single defendant in the same indictment." *Acker*, 52 F.3d at 514. This practice prevents the wasting of limited judicial resources, the duplication of witness testimony, and the impaneling of additional jurors. *Ketter*, 456 Fed. Appx. at 295. Thus joinder is the rule, rather than the exception. *Id.* And Defendant offers no compelling reason for the Court to break that rule. Here, the similarities between the incidents warrant a single trial. And any purported prejudice created by the joinder of the counts can be overcome by proper jury instructions. The risk, therefore, "that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence" can be contained, and severance would only provide Defendant with a better chance of acquittal. *Cardwell*, 433 F.3d at 387. The joinder of the offenses at trial, thus, would not prejudice the Defendant, nor does any purported prejudice outweigh the efficacy of trying counts of a similar character together. The Court, therefore, **DENIES** Defendant's Motion to Sever Counts. ECF No. 12.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
November ___, 2013