IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:13cr111 |
| | ) | |
| PHILLIP D. BOSKET, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The defendant, by undersigned counsel, submits the attached proposed jury instructions

for inclusion by the Court in its charge to the jury.  This package also includes a set of the

instructions without the authorities, and a computer CD for the Court's convenience.

Respectfully submitted,

_____/s/_____
Suzanne V. Suher Katchmar
Virginia State Bar No. 37387
Attorney for Phillip D. Bosket
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Facsimile: 757-457-0880
Email Address: suzanne_katchmar@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November, 2013, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following:

> William D. Muhr
> Assistant United States Attorney
> United States Attorney's Office
> 101 W. Main Street, Suite 8000
> Norfolk, Virginia 23510
> Telephone: 757-441-6331
> Facsimile: 757-441-6689
> Email Address: bill.muhr@usdoj.gov

<br>

> _____/s/_____
> Suzanne V. Suher Katchmar
> Virginia State Bar No.37387
> Attorney for Phillip D. Bosket
> Office of the Federal Public Defender
> 150 Boush Street, Suite 403
> Norfolk, Virginia 23510
> Telephone: 757-457-0800
> Facsimile: 757-457-0880
> Email Address:  suzanne_katchmar@fd.org

JURY INSTRUCTION INDEX
United States v. Phillip D. Bosket
Criminal No. 2:13cr111

| No. | Description | Authority |
|---|---|---|
| 1 | Objections and Rulings | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions ("FJPI")*: Criminal § 11:03 (6th ed.  2008) |
| 2 | Court's Comments to Counsel | 1A O'Malley, *et al.*, *FJPI*: Criminal § 11:04 (6th ed.  2008) |
| 3 | Court's Questions to Witnesses | 1A O'Malley, *et al.*, *FJPI*: Criminal § 11:05 (6th ed.  2008) |
| 4 | Judging the Evidence | 1A O'Malley, *et al.*, *FJPI*: Criminal § 12:02 (6th ed. 2008) |
| 5 | Evidence Received in the Case–Stipulations, Judicial Notice, and Inferences Permitted | 1A O'Malley, *et al.*, *FJPI*: Criminal § 12:03 (modified) (6th ed. 2008) |
| 6 | Direct and Circumstantial Evidence | 1A O'Malley, *et al.*, *FJPI*: Criminal § 12:04 (6th ed. 2008) |
| 7 | Inferences from the Evidence | 1A O'Malley, *et al.*, *FJPI*: Criminal § 12:05 (6th ed. 2008) |
| 8 | Jury's Recollection Controls | 1A O'Malley, *et al.*, *FJPI*: Criminal § 12:07 (6th ed. 2008) |
| 9 | The Question is Not Evidence | 1A O'Malley, *et al.*, *FJPI:* Criminal § 12:08 (6th ed. 2008) |
| 10 | Consider Only the Offenses Charged | 1A O'Malley, *et al.*, *FJPI*: Criminal § 12:09 (6th ed. 2008) |
| 11 | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | 1A O'Malley, *et al.*, *FJPI*: Criminal § 12:10 (6th ed. 2008) |
| 12 | Consider Each Count Separately | 1A O'Malley, *et al.*, *FJPI*: Criminal § 12:12 (6th ed. 2008) |
| 13 | The Indictment is Not Evidence | 1A O'Malley, *et al.*, *FJPI*: Criminal § 13:04 (6th ed. 2008) |
| 14 | "On or About"–Explained | 1A O'Malley, *et al.*, *FJPI*: Criminal § 13:05 (6th ed.  2008) |
| 15 | Opinion Evidence–The Expert Witness | 1A O'Malley, *et al.*, *FJPI*: Criminal § 14:01 (6th ed. 2008) |

| No. | Description | Authority |
|-----|-------------|-----------|
| 16 | Eyewitness Identification of the Defendant | 1A O'Malley, *et al.,FJPI*: Criminal § 14:10 (6th ed.  2008) |
| 17 | Number of Witnesses Called is Not Controlling | 1A O'Malley, *et al.*, *FJPI*: Criminal § 14:16 (6th ed.  2008) |
| 18 | Credibility of Witnesses--Generally | 1A O'Malley, *et al.*, *FJPI*: Criminal § 15:01 (6th ed. 2008) |
| 19 | Law Enforcement Witnesses | 1  L.  Sand,  *et  al., Modern Federal Jury Instructions ("MFJI")*–Criminal, Chapter 7, Instruction No.  7-16 (2008) |
| 20 | Credibility of Witnesses--The Defendant As A Witness | 1A O'Malley, *et al.*, *FJPI*: Criminal §15:12 (6th ed. 2008) |
| 21 | Effect of Defendant's Decision Not to Testify | 1A O'Malley, *et al.*, *FJPI*: Criminal § 15:14 (6th ed. 2008) |
| 22 | "Knowingly"–Defined | 1A O'Malley, *et al.*, *FJPI*: Criminal § 17:04 (6th ed. 2008) |
| 23 | The Nature of the Offense Charged–Counts One and Four | 2B O'Malley, *et al., Federal Jury Practice and Instructions*, Criminal § 57:01 (6th ed. 2010) |
| 24 | The Statute Defining the Offense Charged–Counts One and Four | 18 U.S.C.§ 2113(a); 2B O'Malley, *et al., Federal Jury Practice and Instructions*, Criminal § 57:02 (modified) (6th ed. 2010) |
| 25 | The Essential Elements of the Offense Charged–Counts One and Four | 2B O'Malley, *et al., Federal Jury Practice and Instructions*, Criminal § 57:03 (modified) (6th ed. 2010) |
| 26 | "By force and Violence, or by Intimidation"–Defined | 2B O'Malley, *et al., Federal Jury Practice and Instructions*, Criminal § 57:10 (6th ed. 2010) |
| 27 | "Custody, Control, Management, of Possession" Defined | 2B O'Malley, *et al., Federal Jury Practice and Instructions*, Criminal § 57:11 (6th ed. 2010) |
| 28 | "Any...Bank/Credit Union..."-Defined | 2B O'Malley, *et al., Federal Jury Practice and Instructions*, Criminal § 57:12 (6th ed. 2010) |

| No. | Description | Authority |
|-----|-------------|-----------|
| 29 | The Nature of the Offense Charged–Counts 2 and 5 U.S.C. § 924(c)(1)(A)(ii) | 2A O'Malley, *et al., FJPI*, Criminal § 39:16 (6th ed. 2009); 2 L. Sand, *et al., MFJI*, Instruction No. 35-85 (modified) (2012) |
| 30 | The Statute Defining the Offense Charged–Counts 2 and 5 U.S.C. § 924(c)(1)(A)(ii) | 18 U.S.C. § 924(c)(1)(A)(ii); 2A O'Malley, *et al., FJPI*, Criminal § 39:17 (modified) (6th ed. 2009); 2 L. Sand, *et al., MFJI*, Instruction No. 35-85 (modified) (2012) |
| 31 | The Essential Elements of the Offense Charged–Counts 2 and 5 | 18 U.S.C. § 924(c)(1)(A)(ii); 2A O'Malley, *et al., FJPI*, Criminal § 39:18 (modified) (6th ed. 2009); 2 L. Sand, *et al., MFJI*, Instruction No. 35-87 (modified) (2012) |
| 32 | Limiting Instruction for Counts 2 and 5 | 2 L. Sand, *et al., MFJI*, Instruction No. 35-86 (modified) (2012) |
| 33 | "Crime of Violence"–Defined | 2A O'Malley, *et al.,FJPI*, Criminal § 39:19 (modified) (6th ed. 2009); 2 L. Sand, et al., *MFJI*, Instruction No. 35-88 (modified) (2012) |
| 34 | Knowing Use, Carry or Brandish of a Firearm During  and in Relation to the Commission of a Crime of Violence and Firearm - Explained/Defined –Counts 2 and 5 | 2 L. Sand, et al., *Modern Federal Jury Instructions,* Instruction No. 35-89 (modified) (2012); 2A O'Malley, *et al., Federal Jury Practice and Instructions*: Criminal § 39:20 (6th ed. 2009); *U.S. v. Ceballos-Torres*, 218 F.3d 409 (5th Cir. 2000) |
| 35 | The Nature of the Offense Charged–Counts 3 and 6--18 U.S.C. § 922(g)(1)–Felon in Possession | Indictment; 2A O'Malley, *et al., FJPI*, Criminal § 39:07 (6th ed. 2009) |
| 36 | The Statute Defining the Offense Charged–Counts 3 and 6 - 18 U.S.C. § 922(g)(1) | 18 U.S.C. § 922(g)(1); 2A O'Malley, *et al., FJPI*, Criminal § 39:08 (modified) (6th ed. 2009) |
| 37 | The Essential Elements of the Offense Charged–Counts 3 and 6 | 2A O'Malley, *et al., FJPI*, Criminal § 39:09 (modified) (6th ed. 2009) |
| 38 | "Crime Punishable by Imprisonment for a Term Exceeding one Year"–Defined | 2A O'Malley, *et al., FJPI*, Criminal § 39:10 (modified) (6th ed. 2009) |

| No. | Description | Authority |
|---|---|---|
| 39 | "Possession of a Firearm"–Defined | 1A O'Malley, *et al., FJPI*, Criminal § 16:05 (6th ed. 2008) 2A O'Malley, *et al., FJPI*, Criminal § 39:12 (modified) (6th ed. 2009); 2 L. Sand, *et al., MFJI*, Instruction No. 35-49 (2011) |
| 40 | Firearm "In or Affecting Commerce"--Defined | 18 U.S.C. § 921(a)(2); 2A O'Malley, *et al., FJPI*, Criminal § 39:14 (modified) (6th ed. 2009); 2 L. Sand, et al., MFJI, Instruction No. 35-50 (modified) (2008) |
| 41 | Verdict–Election of Foreperson–Duty to Deliberate–Unanimity–Punishment–Form of Verdict–Communication with the Court | 2 O'Malley, *et al.*, *FJPI*: Criminal § 20:01 (6th ed. 2008) |

DEFENDANT'S JURY INSTRUCTION NO. 1

**<u>OBJECTIONS AND RULINGS</u>**

TESTIMONY AND/OR AN EXHIBIT CAN BE ADMITTED INTO EVIDENCE DURING A TRIAL ONLY IF IT MEETS CERTAIN CRITERIA OR STANDARDS.  IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR AN EXHIBIT WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE UNDER THE RULES OF LAW.  ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND THEN OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE.  YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS OR HER CLIENT BECAUSE THE ATTORNEY HAS MADE AN OBJECTION.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE.  I AM SIMPLY MAKING A RULING ON A LEGAL QUESTION REGARDING THAT PARTICULAR PIECE OF TESTIMONY OR EXHIBIT.

AUTHORITY: 1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 11:03 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 2

**COURT'S COMMENTS TO COUNSEL**

IT IS THE DUTY OF THE COURT TO ADMONISH AN ATTORNEY WHO, OUT OF ZEAL FOR HIS OR HER CAUSE, DOES SOMETHING WHICH I FEEL IS NOT IN KEEPING WITH THE RULES OF EVIDENCE OR PROCEDURE.

YOU ARE TO DRAW ABSOLUTELY NO INFERENCE AGAINST THE SIDE TO WHOM AN ADMONITION OF THE COURT MAY HAVE BEEN ADDRESSED DURING THE TRIAL OF THIS CASE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 11:04 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 3

## COURT'S QUESTIONS TO WITNESSES

DURING THE COURSE OF A TRIAL, I MAY OCCASIONALLY ASK QUESTIONS OF A WITNESS.  DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS MAY RELATE.  THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFY A MATTER--NOT TO HELP ONE SIDE OF THE CASE OR HURT THE OTHER SIDE.

REMEMBER AT ALL TIMES THAT YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 11:05 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 4

**JUDGING THE EVIDENCE**

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD DEAL WITH ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE. YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE. USE THE EVIDENCE ONLY FOR THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND GIVE THE EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

IF THE DEFENDANT BE PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO. IF NOT PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.

KEEP CONSTANTLY IN MIND THAT IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE RECEIVED IN THE CASE AND THE INSTRUCTIONS OF THE COURT. REMEMBER AS WELL THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE BECAUSE THE BURDEN OF PROVING GUILT BEYOND A REASONABLE DOUBT IS ALWAYS WITH THE GOVERNMENT.

AUTHORITY: 1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 12:02 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 5

**EVIDENCE RECEIVED IN THE CASE--STIPULATIONS, JUDICIAL NOTICE, AND INFERENCES PERMITTED**

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES - - REGARDLESS OF WHO MAY HAVE CALLED THEM - - ALL EXHIBITS RECEIVED IN EVIDENCE - - REGARDLESS OF WHO MAY HAVE PRODUCED THEM - - ALL FACTS WHICH MAY HAVE BEEN AGREED TO OR STIPULATED; AND ALL FACTS AND EVENTS WHICH MAY HAVE BEEN JUDICIALLY NOTICED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THAT STIPULATION AS EVIDENCE AND REGARD THAT FACT AS PROVEN.

THE COURT HAS TAKEN JUDICIAL NOTICE OF CERTAIN FACTS OR EVENTS. WHEN THE COURT DECLARES THAT IT HAS TAKEN JUDICIAL NOTICE OF SOME FACT OR EVENT, YOU MAY ACCEPT THE COURT'S DECLARATION AS EVIDENCE AND REGARD AS PROVED THE FACT OR EVENT WHICH HAS BEEN JUDICIALLY NOTICED.

ANY PROPOSED TESTIMONY OR PROPOSED EXHIBIT TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT AND ANY TESTIMONY OR EXHIBIT ORDERED STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED BY YOU.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

QUESTIONS, OBJECTIONS, STATEMENTS, AND ARGUMENTS OF COUNSEL ARE NOT EVIDENCE IN THE CASE.

FINALLY, IF YOU WERE INSTRUCTED THAT SOME EVIDENCE WAS RECEIVED FOR A LIMITED PURPOSE ONLY, YOU MUST FOLLOW THAT INSTRUCTION.

YOU ARE TO BASE YOUR VERDICT ONLY ON THE EVIDENCE RECEIVED IN THE CASE. IN YOUR CONSIDERATION OF THE EVIDENCE RECEIVED, HOWEVER, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES OR TO THE BALD ASSERTIONS IN THE EXHIBITS. IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY OR AS THE EXHIBITS ARE ADMITTED. YOU ARE PERMITTED TO DRAW FROM THE FACTS WHICH YOU FIND HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE AND COMMON SENSE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 12:03 (6th ed. 2008) (modified to correct misstatements in publication that the jury is "not required to" accept a stipulation or agreement as to the existence of a fact, or judicial notice of certain facts or events, as evidence); Eighth Circuit Manual of Model Jury Instructions: Criminal, Instruction No. 3.03 (2007).

DEFENDANT'S JURY INSTRUCTION NO. 6

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

THERE ARE TWO TYPES OF EVIDENCE WHICH ARE GENERALLY PRESENTED DURING A TRIAL--DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE.  DIRECT EVIDENCE IS THE TESTIMONY OF A PERSON WHO ASSERTS OR CLAIMS TO HAVE ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.  CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THE EXISTENCE OF A FACT.  THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT OR VALUE TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  NOR IS A GREATER DEGREE OF CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE THAN OF DIRECT EVIDENCE.  YOU SHOULD WEIGH ALL THE EVIDENCE IN THE CASE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 12:04 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 7

**INFERENCES FROM THE EVIDENCE**

INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM THE EVIDENCE RECEIVED IN THE CASE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 12:05 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 8

**JURY'S RECOLLECTION CONTROLS**

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF TESTIMONY OR EXHIBITS DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THAT EVIDENCE, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS AND NOT THE STATEMENTS OF THE COURT OR OF COUNSEL.

YOU ARE THE SOLE JUDGES OF THE EVIDENCE RECEIVED IN THIS CASE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 12:07 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 9

**THE QUESTION IS NOT EVIDENCE**

THE QUESTIONS ASKED BY A LAWYER FOR EITHER PARTY TO THIS CASE ARE NOT EVIDENCE.  THEREFORE, IF A LAWYER ASKS A QUESTION OF A WITNESS WHICH CONTAINS AN ASSERTION OF FACT, YOU MAY NOT CONSIDER THE ASSERTION BY THE LAWYER AS ANY EVIDENCE OF THAT FACT. ONLY THE ANSWERS ARE EVIDENCE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 12:08 (modified) (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 10

**CONSIDER ONLY THE OFFENSES CHARGED**

THE DEFENDANT IS NOT ON TRIAL FOR ANY ACT OR ANY CONDUCT NOT SPECIFICALLY CHARGED IN THE INDICTMENT.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 12:09 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 11

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT**

I INSTRUCT YOU THAT YOU MUST PRESUME THE DEFENDANT TO BE INNOCENT OF THE CRIMES CHARGED.  THUS THE DEFENDANT, ALTHOUGH ACCUSED OF CRIMES IN THE INDICTMENT, BEGINS THE TRIAL WITH A "CLEAN SLATE"--WITH NO EVIDENCE AGAINST HIM.  THE INDICTMENT, AS YOU ALREADY KNOW, IS NOT EVIDENCE OF ANY KIND.  THE DEFENDANT IS, OF COURSE, NOT ON TRIAL FOR ANY ACT OR CRIME NOT CONTAINED IN THE INDICTMENT.  THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY IN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST THE DEFENDANT.  THE PRESUMPTION OF INNOCENCE ALONE, THEREFORE, IS SUFFICIENT TO ACQUIT THE DEFENDANT.

THE BURDEN IS ALWAYS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT.  THIS BURDEN NEVER SHIFTS TO A DEFENDANT  FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE.   THE DEFENDANT IS NOT EVEN OBLIGATED TO PRODUCE ANY EVIDENCE BY CROSS-EXAMINING THE WITNESSES FOR THE GOVERNMENT.

IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.  THE TEST IS ONE OF REASONABLE DOUBT.

UNLESS THE GOVERNMENT PROVES, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT HAS COMMITTED EACH AND EVERY ELEMENT OF THE OFFENSE CHARGED IN THE INDICTMENT, YOU MUST FIND THE DEFENDANT NOT GUILTY OF

THE OFFENSE.  IF THE JURY VIEWS THE EVIDENCE IN THE CASE AS REASONABLY

PERMITTING EITHER OF TWO CONCLUSIONS--ONE OF INNOCENCE, THE OTHER OF

GUILT--THE JURY MUST, OF COURSE, ADOPT THE CONCLUSION OF INNOCENCE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 12:10 (6th ed. 2008) (modified to conform with 4th Circuit law regarding definitions of reasonable doubt).

DEFENDANT'S JURY INSTRUCTION NO. 12

**CONSIDER EACH COUNT SEPARATELY**

A SEPARATE CRIME IS ALLEGED IN EACH COUNT OF THE INDICTMENT.  EACH ALLEGED OFFENSE, AND ANY EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY BY THE JURY.  THE FACT THAT YOU FIND THE DEFENDANT GUILTY OR NOT GUILTY AS TO ONE OF THE COUNTS SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER COUNT.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 12:12 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 13

**THE INDICTMENT IS NOT EVIDENCE**

AN INDICTMENT IS BUT A FORMAL METHOD USED BY THE GOVERNMENT TO ACCUSE A DEFENDANT OF A CRIME.  IT IS NOT EVIDENCE OF ANY KIND AGAINST THE DEFENDANT.  THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CRIMES CHARGED.  EVEN THOUGH THIS INDICTMENT HAS BEEN RETURNED AGAINST THE DEFENDANT, THE DEFENDANT BEGINS THIS TRIAL WITH ABSOLUTELY NO EVIDENCE AGAINST HIM.

THE DEFENDANT HAS PLED "NOT GUILTY" TO THIS INDICTMENT AND, THEREFORE, DENIES THAT HE IS GUILTY OF THE CHARGES.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 13:04 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 14

**"ON OR ABOUT"–EXPLAINED**

THE INDICTMENT CHARGES THAT THE OFFENSE ALLEGED WAS COMMITTED "ON OR ABOUT" A CERTAIN DATE.

ALTHOUGH IT IS NECESSARY FOR THE GOVERNMENT TO PROVE BEYOND A REASONABLE DOUBT THAT THE OFFENSE WAS COMMITTED ON A DATE REASONABLY NEAR THE DATE ALLEGED IN THE INDICTMENT, IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE OFFENSE WAS COMMITTED PRECISELY ON THE DATE CHARGED.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 13:05 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 15

**<u>OPINION EVIDENCE–THE EXPERT WITNESS</u>**

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT IMPORTANT QUESTIONS IN A TRIAL.  AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE WITNESSES WHO ARE DESCRIBED AS "EXPERT WITNESSES".  AN "EXPERT WITNESS" IS SOMEONE WHO, BY EDUCATION OR BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA. IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN "EXPERT WITNESS" IN THAT AREA MAY STATE AN OPINION AS TO A MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY THINK IT DESERVES.  YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE.  IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE OPINION IN PART OR IN ITS ENTIRETY.

AS I HAVE TOLD YOU SEVERAL TIMES, YOU–THE JURY–ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 14:01 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 16

**<u>EYEWITNESS IDENTIFICATION OF THE DEFENDANT</u>**

ONE OF THE MOST IMPORTANT ISSUES IN THIS CASE IS THE IDENTIFICATION OF DEFENDANT **PHILLIP D. BOSKET** AS THE PERSON WHO COMMITTED THE CRIMES CHARGED IN THE INDICTMENT.  THE GOVERNMENT, AS YOU KNOW, HAS THE BURDEN OF PROVING EVERY ISSUE, INCLUDING IDENTITY, BEYOND A REASONABLE DOUBT.  ALTHOUGH IT IS NOT ESSENTIAL THAT THE WITNESS TESTIFYING ABOUT THE IDENTIFICATION BE FREE FROM ALL DOUBT AS TO THE ACCURACY OR CORRECTNESS OF THE IDENTIFICATION, THE JURY MUST BE SATISFIED BEYOND A REASONABLE DOUBT THAT DEFENDANT **PHILLIP D. BOSKET** IS THE SAME PERSON WHO COMMITTED THE CRIMES CHARGED.  IF YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT DEFENDANT **PHILLIP D. BOSKET** WAS THE PERSON WHO COMMITTED THE CRIMES CHARGED IN THE INDICTMENT, YOU MUST FIND DEFENDANT **PHILLIP D. BOSKET**  NOT GUILTY.

IDENTIFICATION TESTIMONY IS, IN ESSENCE, THE EXPRESSION OF AN OPINION OR A BELIEF BY THE WITNESS. THE VALUE OF THE IDENTIFICATION DEPENDS UPON THE OPPORTUNITY THAT THE WITNESS HAD TO OBSERVE THE PERSON WHO COMMITTED THE CRIME AT THE TIME OF THE OFFENSE AND THE OPPORTUNITY TO MAKE A RELIABLE IDENTIFICATION AT A LATER TIME.

IN JUDGING THE IDENTIFICATION TESTIMONY OF ANY WITNESS YOU SHOULD CONSIDER AT LEAST THE FOLLOWING QUESTIONS:

1. ARE YOU CONVINCED THAT THE WITNESS HAD THE ABILITY AND AN ADEQUATE OPPORTUNITY TO OBSERVE THE PERSON WHO COMMITTED THE CRIME CHARGED?

WHETHER THE WITNESS HAD AN ADEQUATE OPPORTUNITY TO OBSERVE THE PERSON COMMITTING THE OFFENSE AT THE TIME OF THE OFFENSE WILL BE AFFECTED BY MANY THINGS, INCLUDING THE LENGTH OF THE OBSERVATION, THE DISTANCE BETWEEN THE WITNESS AND THE PERSON OBSERVED, THE LIGHTING CONDITIONS, AND WHETHER THE WITNESS KNEW THE PERSON FROM SOME PRIOR EXPERIENCE.

2. ARE YOU CONVINCED THAT THE IDENTIFICATION BY THE WITNESS AFTER THE OFFENSE WAS COMMITTED WAS THE PRODUCT OF HIS OR HER OWN RECOLLECTION?

IN MAKING THIS DETERMINATION YOU MAY TAKE INTO ACCOUNT BOTH THE STRENGTH OF THE LATER IDENTIFICATION AND THE CIRCUMSTANCES UNDER WHICH THE LATER IDENTIFICATION WAS MADE.

IF THE IDENTIFICATION BY THE WITNESS WAS INFLUENCED BY CIRCUMSTANCES UNDER WHICH THE IDENTIFICATION WAS MADE, YOU SHOULD EXAMINE THAT IDENTIFICATION WITH GREAT CARE. YOU MAY WISH TO CONSIDER THE LENGTH OF TIME THAT HAD ELAPSED BETWEEN THE COMMISSION OF THE CRIME AND THE LATER OPPORTUNITY OF THE WITNESS TO OBSERVE THE DEFENDANT.

YOU MAY ALSO CONSIDER THAT AN IDENTIFICATION MADE BY POINTING OUT A DEFENDANT FROM A GROUP OF SIMILAR INDIVIDUALS IS GENERALLY MORE

RELIABLE THAN AN IDENTIFICATION WHICH RESULTS FROM A PRESENTATION OF THE DEFENDANT ALONE TO THE WITNESS.

3.  HAS THE WITNESS FAILED TO IDENTIFY THE DEFENDANT ON A PRIOR OPPORTUNITY OR HAS THE WITNESS IDENTIFIED SOMEONE ELSE AS THE PERSON WHO COMMITTED THE OFFENSE CHARGED?

YOU SHOULD EXAMINE AND CONSIDER THE CREDIBILITY OF ANY WITNESS MAKING AN IDENTIFICATION IN THE SAME MANNER AS YOU WOULD ANY OTHER WITNESS.

THE BURDEN OF PROVING THE IDENTITY OF DEFENDANT **PHILLIP D. BOSKET** AS THE PERSON WHO COMMITTED THE CRIMES CHARGED IN THE INDICTMENT RESTS TOTALLY WITH THE GOVERNMENT.  THE GOVERNMENT MUST PROVE THE IDENTITY OF THE DEFENDANT AS THE PERSON WHO COMMITTED THE CRIMES CHARGED BEYOND A REASONABLE DOUBT.  IT AFTER EXAMINING ALL OF THE EVIDENCE, YOU HAVE A REASONABLE DOUBT AS TO WHETHER DEFENDANT **PHILLIP D. BOSKET** WAS THE INDIVIDUAL WHO COMMITTED THE CRIMES CHARGED, YOU SHOULD FIND DEFENDANT **PHILLIP D. BOSKET** NOT GUILTY.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 14:10 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 17

**<u>NUMBER OF WITNESSES CALLED IS NOT CONTROLLING</u>**

YOUR DECISION ON THE FACTS OF THIS CASE SHOULD NOT BE DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR OR AGAINST A PARTY.  YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE TO DETERMINE WHICH OF THE WITNESSES YOU CHOOSE TO BELIEVE OR NOT BELIEVE. YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE SIDE IS MORE CREDIBLE THAT THE TESTIMONY OF A GREATER NUMBER OF WITNESSES ON THE OTHER SIDE.

<u>AUTHORITY</u>:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 14:16 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 18

**<u>CREDIBILITY OF WITNESSES -- GENERALLY</u>**

YOU, AS JURORS, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE CREDIBILITY OF EACH OF THE WITNESSES CALLED TO TESTIFY IN THIS CASE AND ONLY YOU DETERMINE THE IMPORTANCE OR THE WEIGHT, IF ANY, THAT THEIR TESTIMONY DESERVES.  AFTER MAKING YOUR ASSESSMENT CONCERNING THE CREDIBILITY OF A WITNESS, YOU MAY DECIDE TO BELIEVE ALL OF THAT WITNESS' TESTIMONY, ONLY A PORTION OF IT, OR NONE OF IT.

IN MAKING YOUR ASSESSMENT OF THAT WITNESS YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY GIVEN BY THAT WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND ALL OF THE OTHER EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS, IN YOUR OPINION, IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS' INTELLIGENCE, MOTIVE TO FALSIFY, STATE OF MIND, AND APPEARANCE AND MANNER WHILE ON THE WITNESS STAND. CONSIDER THE WITNESS' ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED AND CONSIDER WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE MEMORY OR RECOLLECTION OF THESE MATTERS. CONSIDER ALSO ANY RELATION A WITNESS MAY BEAR TO EITHER SIDE OF THE CASE,  THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY YOUR VERDICT, AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY OR MAY NOT CAUSE YOU TO DISBELIEVE OR DISCREDIT SUCH TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SIMPLY SEE OR HEAR IT DIFFERENTLY. INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON HUMAN EXPERIENCE.  IN WEIGHING THE EFFECT OF A DISCREPANCY, HOWEVER, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL AND CONSIDER WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR FROM INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT OR ASSESSMENT CONCERNING THE BELIEVABILITY OF A WITNESS, YOU CAN THEN ATTACH SUCH IMPORTANCE OR WEIGHT TO THAT TESTIMONY, IF ANY, THAT YOU FEEL IT DESERVES.  YOU WILL THEN BE IN A POSITION TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THE CHARGE BEYOND A REASONABLE DOUBT.

THE TESTIMONY OF A DEFENDANT SHOULD BE JUDGED IN THE SAME MANNER AS THE TESTIMONY OF ANY OTHER WITNESS.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 15:01 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 19

**<u>LAW ENFORCEMENT WITNESSES</u>**

YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT OFFICIALS. THE FACT THAT A WITNESS MAY BE EMPLOYED BY THE GOVERNMENT AS A LAW ENFORCEMENT OFFICIAL DOES NOT MEAN THAT HIS TESTIMONY IS NECESSARILY DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF AN ORDINARY WITNESS.

AT THE SAME TIME, IT IS QUITE LEGITIMATE FOR DEFENSE COUNSEL TO TRY TO ATTACK THE CREDIBILITY OF A LAW ENFORCEMENT WITNESS ON THE GROUNDS THAT HIS TESTIMONY MAY BE COLORED BY A PERSONAL OR PROFESSIONAL INTEREST IN THE OUTCOME OF THE CASE.

IT IS YOUR DECISION, AFTER REVIEWING ALL THE EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF THE LAW ENFORCEMENT WITNESS AND TO GIVE TO THAT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.

<u>AUTHORITY</u>:  1 L.  Sand, *et  al., Modern Federal Jury Instructions–Criminal*, Chapter 7, Instruction No. 7-16 (2008).

DEFENDANT'S JURY INSTRUCTION NO. 20

**CREDIBILITY OF WITNESSES--THE DEFENDANT AS A WITNESS**

YOU SHOULD JUDGE THE TESTIMONY OF THE DEFENDANT IN THE SAME

MANNER AS YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS IN THIS CASE.

AUTHORITY: 1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 15:12 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO.  21

**EFFECT OF THE DEFENDANT'S DECISION NOT TO TESTIFY**

THE  DEFENDANT IN A CRIMINAL CASE HAS AN ABSOLUTE RIGHT UNDER OUR CONSTITUTION NOT TO TESTIFY.

THE FACT THAT THE DEFENDANT DID NOT TESTIFY MUST NOT BE DISCUSSED OR CONSIDERED IN ANY WAY WHEN DELIBERATING AND IN ARRIVING AT YOUR VERDICT.  NO  INFERENCE OF ANY KIND MAY BE DRAWN FROM THE FACT THAT THE DEFENDANT DECIDED TO EXERCISE HIS PRIVILEGE UNDER THE CONSTITUTION AND DID NOT TESTIFY.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR OF PRODUCING ANY EVIDENCE.

AUTHORITY:   1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 15:14 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO. 22

**"KNOWINGLY"--DEFINED**

THE TERM "KNOWINGLY," AS USED IN THESE INSTRUCTIONS TO DESCRIBE THE ALLEGED STATE OF MIND OF THE DEFENDANT, MEANS THAT HE WAS CONSCIOUS AND AWARE OF HIS ACTION, REALIZED WHAT HE WAS DOING OR WHAT WAS HAPPENING AROUND HIM, AND DID NOT ACT BECAUSE OF IGNORANCE, MISTAKE, OR ACCIDENT.

AUTHORITY:   1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 17:04 (6th ed. 2008).

DEFENDANT'S JURY INSTRUCTION NO.  23

## THE NATURE OF THE OFFENSE CHARGED–COUNTS ONE AND FOUR

**COUNT ONE** OF THE INDICTMENT CHARGES THAT ON OR ABOUT APRIL 11, 2013, IN NORFOLK, VIRGINIA, WITHIN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, PHILLIP D. BOSKET, BY FORCE, VIOLENCE AND INTIMIDATION, DID ATTEMPT TO TAKE FROM THE PERSON AND PRESENCE OF ANOTHER, MONEY BELONGING TO AND IN THE CARE, CUSTODY, CONTROL MANAGEMENT AND POSSESSION OF THE LANGLEY FEDERAL CREDIT UNION, GRANBY STREET BRANCH, NORFOLK, VIRGINIA, THE DEPOSITS OF WHICH WERE THEN INSURED BY THE NATIONAL CREDIT UNION ADMINISTRATION BOARD.

**COUNT FOUR** OF THE INDICTMENT CHARGES THAT ON OR ABOUT MAY 20, 2013, IN PORTSMOUTH, VIRGINIA, IN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, PHILLIP D. BOSKET, BY FORCE, VIOLENCE, AND BY INTIMIDATION, DID TAKE FROM THE PERSON AND PRESENCE OF ANOTHER, MONEY BELONGING TO AND IN THE CARE, CUSTODY, CONTROL MANAGEMENT AND POSSESSION OF THE WELLS FARGO BANK N.A., HIGH STREET BRANCH, PORTSMOUTH, VIRGINIA, THE DEPOSITS OF WHICH WERE THEN INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 2113(a).

AUTHORITY: 2B Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 57:01 (6th ed. 2010).

DEFENDANT'S JURY INSTRUCTION NO. 24

**THE STATUTE DEFINING THE OFFENSES CHARGED---COUNTS ONE AND FOUR**

SECTIONS 2113(a) OF TITLE 18 OF THE UNITED STATES CODE PROVIDE, IN PART, THAT:

"WHOEVER, BY FORCE AND VIOLENCE, OR BY INTIMIDATION, TAKES, OR ATTEMPTS TO TAKE , FROM THE PERSON OR PRESENCE OF ANOTHER, . . . ANY. . . MONEY . . . BELONGING TO, OR IN THE CARE, CUSTODY, CONTROL, MANAGEMENT, OR POSSESSION OF, ANY BANK, CREDIT UNION. . ."

SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

AUTHORITY: 18 U.S.C. § 2113(a); 2B Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal §§ 57:02 (modified) (6th ed. 2010).

DEFENDANT'S JURY INSTRUCTION NO. 25

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED---COUNTS ONE AND FOUR**

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF BANK ROBBERY AS CHARGED IN COUNTS ONE AND FOUR OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

ONE: DEFENDANT, PHILLIP D. BOSKET, TOOK OR ATTEMPTED TO TAKE MONEY FROM THE EMPLOYEES AND CUSTOMERS OF LANGLEY FEDERAL CREDIT UNION AND/OR WELLS FARGO BANK N.A. WHILE THAT MONEY WAS IN THE CARE, CUSTODY, OR POSSESSION OF LANGLEY FEDERAL CREDIT UNION AND WELLS FARGO BANK;

TWO: THE TAKING WAS BY FORCE, VIOLENCE AND INTIMIDATION; AND

THREE: THE DEPOSITS OF THE LANGLEY FEDERAL CREDIT UNION WERE THEN INSURED BY THE NATIONAL CREDIT UNION ADMINISTRATION , AND THE DEPOSITS OF WELLS FARGO BANK N.A. WERE THEN INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION.

AUTHORITY: 2B Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 57:03 (modified) (6th ed. 2010).

DEFENDANT'S JURY INSTRUCTION NO. 26

**"BY FORCE AND VIOLENCE, OR BY INTIMIDATION"--DEFINED**

THE PHRASE "BY FORCE AND VIOLENCE, OR BY INTIMIDATION" MEANS BY EITHER: ONE, THE USE OF ACTUAL PHYSICAL STRENGTH OR ACTUAL PHYSICAL VIOLENCE OR TWO, DOING SOME ACT OR MAKING SOME STATEMENT TO PUT SOMEONE IN FEAR OF BODILY HARM.

THE "INTIMIDATION" MUST BE CAUSED BY AN ACT KNOWINGLY AND DELIBERATELY DONE OR STATEMENT KNOWINGLY AND DELIBERATELY MADE BY THE DEFENDANTS WHICH WAS DONE OR MADE IN SUCH A MANNER OR UNDER SUCH CIRCUMSTANCES THAT WOULD PRODUCE SUCH A REACTION OR SUCH FEAR OF BODILY HARM IN A REASONABLE PERSON.  THE GOVERNMENT NEED NOT PROVE ACTUAL FEAR ON THE PART OF ANY PERSON.

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, HOWEVER, THAT THE DEFENDANTS KNOWINGLY AND DELIBERATELY DID SOMETHING OR KNOWINGLY AND DELIBERATELY SAID SOMETHING THAT WOULD CAUSE A REASONABLE PERSON UNDER THOSE CIRCUMSTANCES TO BE FEARFUL OF BODILY HARM.

AUTHORITY: 2B Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 57:10 (6th ed. 2010).

DEFENDANT'S JURY INSTRUCTION NO. 27

**"CUSTODY, CONTROL, MANAGEMENT, OR POSSESSION"--DEFINED**

THE PHRASE "CUSTODY, CONTROL, MANAGEMENT, OR POSSESSION"MEANS MONEY OR FUNDS THAT ARE PHYSICALLY WITHIN THE BANK OR WITHIN ITS POWER TO CONTROL.  WHEN A BANK HOLDS THE MONEY THAT HAS BEEN DEPOSITED BY IT CUSTOMERS FOR EXAMPLE, THE BANK MAY BE SAID TO HAVE "CUSTODY, CONTROL, MANAGEMENT OR POSSESSION" OF THOSE FUNDS.

THE LAW RECOGNIZES TWO KINDS OF POSSESSION: ACTUAL POSSESSION AND CONSTRUCTIVE POSSESSION.  A PERSON WHO KNOWINGLY HAS DIRECT PHYSICAL CONTROL OVER A THING IS THEN IN ACTUAL POSSESSION OF IT.  A PERSON WHO, ALTHOUGH NOT IN ACTUAL POSSESSION, KNOWINGLY HAS BOTH THE POWER AND INTENTION AT A GIVEN TIME TO EXERCISE DOMINION OR CONTROL OVER A THING, EITHER DIRECTLY OR THROUGH OTHERS, IS THEN IN CONSTRUCTIVE POSSESSION OF IT.

THE LAW ALSO RECOGNIZES THAT POSSESSION MAY BE SOLE OR JOINT.  IF ONE PERSON ALONE HAS ACTUAL OR CONSTRUCTION POSSESSION OF A THING, POSSESSION IS SAID TO BE SOLE.  IF TWO OR MORE PERSONS SHARE ACTUAL OR CONSTRUCTIVE POSSESSION OF A THING, POSSESSION IS CONSIDERED JOINT.

AUTHORITY: 2B Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 57:11 (6th ed. 2010).

DEFENDANT'S JURY INSTRUCTION NO. 28

**"ANY . . . BANK, CREDIT UNION. . ."–DEFINED**

FOR PURPOSES OF THESE INSTRUCTIONS, THE TERM "BANK" MEANS ANY MEMBER BANK OF THE FEDERAL RESERVE SYSTEM, AND ANY BANK, ...OR OTHER BANKING INSTITUTION ORGANIZED OR OPERATING UNDER THE LAWS OF THE UNITED STATES, AND ANY BANK THE DEPOSITS OF WHICH ARE INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION.

THE TERM "CREDIT UNION" MEANS ANY FEDERAL CREDIT UNION AND ANY STATE-CHARTERED CREDIT UNION THE ACCOUNTS OF WHICH ARE INSURED BY THE ADMINISTRATOR OF THE NATIONAL CREDIT UNION ADMINISTRATION.

AUTHORITY: Title 18, United States Code, Section 2113(g); 2B Kevin F. O'Malley, *et al.*, Federal Jury Practice  and  Instructions: Criminal § 57:12 (6th ed. 2010).

DEFENDANT'S JURY INSTRUCTION NO. 29

## THE NATURE OF THE OFFENSE CHARGED–COUNTS 2 AND 5

**COUNT TWO** OF THE INDICTMENT CHARGES THAT ON OR ABOUT APRIL 11, 2013, IN NORFOLK, WITHIN THE EASTERN DISTRICT OF VIRGINIA, **PHILLIP D. BOSKET**, KNOWINGLY AND UNLAWFULLY USED, CARRIED AND BRANDISHED A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE FOR WHICH HE MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, NAMELY: ATTEMPTED ROBBERY OF A CREDIT UNION IN VIOLATION OF 18 U.S.C. § 2113(a) AS SET FORTH IN COUNT ONE OF THE INDICTMENT.

**COUNT FIVE** OF THE INDICTMENT CHARGES THAT ON OR ABOUT MAY 30, 2013, IN PORTSMOUTH, IN THE EASTERN DISTRICT OF VIRGINIA, **PHILLIP D. BOSKET**, DID KNOWINGLY AND UNLAWFULLY USE, CARRY AND BRANDISH A FIREARM, DURING AND IN RELATION TO A CRIME OF VIOLENCE FOR WHICH HE MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, NAMELY: A ROBBERY OF A BANK IN VIOLATION OF 18 U.S.C. § 2113(a) AS SET FORTH IN COUNT FOUR OF THE INDICTMENT.

(IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS  924(c)(1)(A)(ii).

AUTHORITY:  2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39:16 (6th ed. 2009); 2  L. Sand, *et al., Modern Federal Jury Instructions*, Instruction No. 35-85 (modified) (2012).

DEFENDANT'S JURY INSTRUCTION NO. 30

**THE STATUTE DEFINING THE OFFENSES CHARGED–COUNTS 2 AND 5**

SECTION 924(c)(1)(A)(ii) OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PART, THAT:

> . . . ANY PERSON WHO, DURING AND IN RELATION TO ANY
> CRIME OF VIOLENCE . . .  FOR WHICH THE PERSON MAY BE
> PROSECUTED IN A COURT OF THE UNITED STATES, USES OR
> CARRIES   A   FIREARM,   [AND]   IF   THE   FIREARM   IS
> BRANDISHED . .. . SHALL, . . ."

BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

AUTHORITY: Title 18, United States Code, Section 924(c)(1)(A)(ii); 2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39:17 (modified) (6th ed. 2009); 2  L. Sand, *et al., Modern Federal Jury Instructions*, Instruction No. 35-85 (modified) (2012).

DEFENDANT'S JURY INSTRUCTION NO. 31

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED--COUNTS TWO AND FIVE**

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF USING, CARRYING AND BRANDISHING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE AS CHARGED IN COUNTS TWO AND FIVE OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST: THE DEFENDANT, **PHILLIP D. BOSKET**, COMMITTED THE CRIME OF VIOLENCE FOR WHICH HE MIGHT BE PROSECUTED IN A COURT OF THE UNITED STATES, AS ALLEGED IN COUNTS ONE AND FOUR OF THE INDICTMENT;

SECOND: THE DEFENDANT, **PHILLIP D. BOSKET**,  DID KNOWINGLY USE, CARRY AND BRANDISH A FIREARM, DURING AND IN RELATION TO THE COMMISSION OF THE ATTEMPTED CRIME OF VIOLENCE, OR CRIME OF VIOLENCE, AS ALLEGED IN COUNTS TWO AND FIVE OF THE INDICTMENT.

AUTHORITY: Title 18, United States Code, Section 924(c)(1)(A)(ii); 2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39:18 (modified) (6th ed. 2009); 2 L. Sand, *et al., Modern Federal Jury Instructions*, Instruction No. 35-87 (modified) (2012).

DEFENDANT'S JURY INSTRUCTION NO. 32

**LIMITING INSTRUCTION FOR COUNTS 2 AND 5**

IN COUNT TWO OF THE INDICTMENT, **PHILLIP D. BOSKET** IS CHARGED WITH KNOWINGLY AND UNLAWFULLY USING, CARRYING AND BRANDISHING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE.  COUNT TWO CHARGES THAT THE CRIME OF VIOLENCE ASSOCIATED WITH COUNT TWO IS COUNT ONE OF THE INDICTMENT, ATTEMPTED ROBBERY OF A CREDIT UNION.

IF UPON ALL THE EVIDENCE YOU FIND THAT THE GOVERNMENT HAS FAILED TO PROVE THE CRIME OF VIOLENCE CHARGED IN COUNT ONE OF THE INDICTMENT BEYOND A REASONABLE DOUBT, THEN YOU WILL PROCEED NO FURTHER.

COUNT TWO IS TO BE CONSIDERED ONLY IF YOU HAVE FOUND **PHILLIP D. BOSKET** GUILTY OF THE CRIME OF VIOLENCE CHARGED IN COUNT ONE.

IN REACHING YOUR VERDICT ON COUNT TWO, YOU MAY CONSIDER THE EVIDENCE OF COUNT ONE ONLY FOR THE PURPOSE OF DETERMINING WHETHER THE ELEMENTS OF COUNT TWO HAVE BEEN SATISFIED.  YOU MAY NOT CONSIDER ANY EVIDENCE OF ANY UNRELATED COUNT IN REACHING YOUR VERDICT.

IN COUNT FIVE OF THE INDICTMENT, **PHILLIP D. BOSKET** IS CHARGED WITH KNOWINGLY AND UNLAWFULLY USE, CARRY AND BRANDISH A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE.  COUNT FIVE CHARGES THAT THE CRIME OF VIOLENCE ASSOCIATED WITH COUNT FIVE IS COUNT FOUR OF THE INDICTMENT, ROBBERY OF A BANK.

COUNT FIVE IS TO BE CONSIDERED ONLY IF YOU HAVE FOUND **PHILLIP D. BOSKET** GUILTY OF THE CRIME OF VIOLENCE CHARGED IN COUNT FOUR.

IN REACHING YOUR VERDICT ON COUNT FIVE, YOU MAY CONSIDER THE
EVIDENCE OF COUNT FOUR ONLY FOR THE PURPOSE OF DETERMINING WHETHER THE
ELEMENTS OF COUNT FIVE HAVE BEEN SATISFIED.  YOU MAY NOT CONSIDER ANY
EVIDENCE OF ANY UNRELATED COUNT IN REACHING YOUR VERDICT.

AUTHORITY:  2 L. Sand, *et al., Modern Federal Jury Instructions*, Instruction No. 35-86 (modified)
(2012).

DEFENDANT'S JURY INSTRUCTION NO. 33

**"CRIME OF VIOLENCE"–DEFINED**

**PHILLIP D. BOSKET** IS CHARGED IN COUNTS TWO AND FIVE WITH USE, CARRY, AND BRANDISH A FIREARM DURING A CRIME OF VIOLENCE.

THE TERM "CRIME OF VIOLENCE" MEANS AN OFFENSE THAT IS A FELONY AND HAS AS ONE OF ITS ESSENTIAL ELEMENTS THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE AGAINST THE PERSON OR PROPERTY OF ANOTHER, OR AN OFFENSE THAT BY ITS VERY NATURE INVOLVES A SUBSTANTIAL RISK THAT SUCH PHYSICAL FORCE MAY BE USED IN COMMITTING THE OFFENSE.

THE FIRST ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT **PHILLIP D. BOSKET** COMMITTED A CRIME OF VIOLENCE FOR WHICH HE MIGHT BE PROSECUTED IN A COURT OF THE UNITED STATES.

**PHILLIP D. BOSKET** IS CHARGED IN COUNTS ONE AND FOUR OF THE INDICTMENT WITH ATTEMPT BANK ROBBERY OR BANK ROBBERY. I INSTRUCT YOU THAT THE CRIME OF ATTEMPT BANK ROBBERY OR BANK ROBBERY IS A CRIME OF VIOLENCE. HOWEVER, IT IS FOR YOU TO DETERMINE THAT THE GOVERNMENT HAS PROVEN BEYOND A REASONABLE DOUBT THAT THE DEFENDANT COMMITTED THE CRIME OF ATTEMPT BANK ROBBERY OR BANK ROBBERY AS CHARGED.

AUTHORITY: 2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39:19 (modified) (6th ed. 2009); 2 L. Sand, *et al., Modern Federal Jury Instructions*, Instruction No. 35-88 (modified) (2012).

DEFENDANT'S JURY INSTRUCTION NO. 34

**KNOWING  USE (BRANDISH) OR CARRY OF A FIREARM DURING AND IN RELATION TO THE COMMISSION OF A CRIME OF VIOLENCE, AND FIREARM–EXPLAINED/DEFINED–COUNTS 2 AND 5**

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNOWINGLY USED, CARRIED, OR BRANDISHED, A FIREARM DURING AND IN RELATION TO THE COMMISSION OF A CRIME OF VIOLENCE, AS CHARGED IN COUNTS TWO AND FIVE OF THE INDICTMENT.

A "FIREARM" IS ANY WEAPON WHICH WILL OR IS DESIGNED TO OR MAY BE READILY CONVERTED TO EXPEL A PROJECTILE BY THE ACTION OF AN EXPLOSIVE. THE TERM ALSO INCLUDES THE FRAME OR RECEIVER OF ANY SUCH WEAPON.

IN ORDER TO PROVE THAT THE DEFENDANT USED THE FIREARM, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT AN ACTIVE EMPLOYMENT OF THE FIREARM BY THE DEFENDANT DURING AND IN RELATION TO THE COMMISSION OF THE CRIME OF VIOLENCE.  THIS DOES NOT MEAN THAT THE DEFENDANT MUST ACTUALLY FIRE OR ATTEMPT TO FIRE THE WEAPON, ALTHOUGH THOSE WOULD OBVIOUSLY CONSTITUTE USE OF THE WEAPON.  BRANDISHING, DISPLAYING, OR EVEN REFERRING TO THE WEAPON SO THAT OTHERS PRESENT KNEW THAT THE DEFENDANT HAD THE FIREARM AVAILABLE IF NEEDED ALL CONSTITUTE USE OF THE FIREARM.  HOWEVER, THE MERE POSSESSION OF A FIREARM AT OR NEAR THE SITE OF THE CRIME WITHOUT ACTIVE EMPLOYMENT AS I JUST DESCRIBED IT IS NOT SUFFICIENT TO CONSTITUTE A USE OF THE FIREARM.

IN ORDER TO PROVE THAT THE DEFENDANT CARRIED THE FIREARM, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT

HAD THE WEAPON WITHIN HIS CONTROL IN SUCH A WAY THAT IT FURTHERED THE COMMISSION OF THE CRIME OF VIOLENCE OR WAS AN INTEGRAL PART OF THE COMMISSION OF THE CRIME.  THE DEFENDANT DID NOT NECESSARILY HAVE TO HOLD THE FIREARM PHYSICALLY, THAT IS, HAVE ACTUAL POSSESSION OF IT ON HIS PERSON.  IF YOU FIND THAT THE DEFENDANT HAD DOMINION AND CONTROL OVER THE PLACE WHERE THE FIREARM WAS LOCATED, AND HAD THE POWER AND INTENTION TO EXERCISE CONTROL OVER THE FIREARM IN SUCH A WAY THAT IT FURTHERED THE COMMISSION OF THE CRIME OF VIOLENCE, YOU MAY FIND THAT THE GOVERNMENT HAS PROVEN THAT THE DEFENDANT CARRIED THE WEAPON.

TO SATISFY THIS ELEMENT, YOU MUST ALSO FIND THAT THE DEFENDANT CARRIED OR USED THE FIREARM KNOWINGLY.  THIS MEANS THAT HE CARRIED THE FIREARM PURPOSELY AND VOLUNTARILY, AND NOT BY ACCIDENT OR MISTAKE.  IT ALSO MEANS THAT HE KNEW THAT THE WEAPON WAS A FIREARM, AS WE COMMONLY USE THE WORD.  HOWEVER, THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT HE WAS BREAKING THE LAW.

AUTHORITY: 2 L. Sand, *et al.*, *Modern Federal Jury Instructions,* Criminal, Instruction No. 35-89 (modified) (2012); 2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39:20 ("uses or carries a firearm defined") and § 39:21 (knowingly defined) (modified) (6th ed. 2009); *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir.2000) (use of a firearm includes brandishing, firing (discharging) or attempt to fire).

DEFENDANT'S JURY INSTRUCTION NO. 35

**THE NATURE OF THE OFFENSE CHARGED–COUNTS 3 AND 6**

COUNT THREE OF THE INDICTMENT CHARGES THAT ON OR ABOUT APRIL 11, 2013, IN NORFOLK, VIRGINIA, WITHIN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, PHILLIP D. BOSKET, HAVING BEEN PREVIOUSLY CONVICTED OF A FELONY CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR, DID UNLAWFULLY AND KNOWINGLY POSSESS IN AND AFFECTING COMMERCE A FIREARM, WHICH HAD BEEN SHIPPED AND TRANSPORTED IN INTERSTATE AND FOREIGN COMMERCE.

COUNT SIX OF THE INDICTMENT CHARGES THAT ON OR ABOUT MAY 30, 2013, IN PORTSMOUTH, VIRGINIA, IN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, PHILLIP D. BOSKET, HAVING BEEN PREVIOUSLY CONVICTED OF A FELONY CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR, DID UNLAWFULLY AND KNOWINGLY POSSESS IN AND AFFECTING COMMERCE A FIREARM, WHICH HAD BEEN SHIPPED AND TRANSPORTED IN INTERSTATE AND FOREIGN COMMERCE.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 922(g)(1).

AUTHORITY: Indictment; 2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39:07 (6th ed. 2009).

DEFENDANT'S JURY INSTRUCTION NO.  36

## THE STATUTE DEFINING THE OFFENSE CHARGED–COUNTS 3 AND 6

SECTION 922(g)(1) OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PART,

THAT:

"IT SHALL BE UNLAWFUL FOR ANY PERSON--

WHO HAS BEEN CONVICTED IN ANY COURT OF A CRIME PUNISHABLE BY

IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR; . . . TO . . . POSSESS

IN OR AFFECTING COMMERCE, ANY FIREARM . . ."

AUTHORITY: 18 U.S.C. § 922(g)(1); 2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39:08 (modified) (6th ed. 2009).

DEFENDANT'S JURY INSTRUCTION NO. 37

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED–COUNTS 3 AND 6**

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF FELON IN POSSESSION OF A FIREARM AS CHARGED IN THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

<u>ONE</u>: THAT PRIOR TO APRIL 11, 2013 AND MAY 30, 2013, **PHILLIP D. BOSKET**, HAD BEEN CONVICTED IN ANY COURT OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR;

<u>TWO</u>: AFTER THIS CONVICTION, ON OR ABOUT APRIL 11, 2013 AND MAY 30, 2013, **PHILLIP D. BOSKET**, KNOWINGLY POSSESSED THE FIREARM DESCRIBED IN THE INDICTMENT; AND

<u>THREE</u>: SUCH POSSESSION WAS IN OR AFFECTING INTERSTATE COMMERCE.

AUTHORITY:  2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39:09 (6th ed. 2009).

DEFENDANT'S JURY INSTRUCTION NO. 38

**"CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR"--DEFINED**

THE PHRASE "CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR" GENERALLY MEANS A CRIME WHICH IS A FELONY.

AUTHORITY:   2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39:10 (6th ed. 2009).

DEFENDANT'S JURY INSTRUCTION NO. 39

**"POSSESSION OF A FIREARM"--DEFINED**

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT ON OR ABOUT APRIL 11, 2013 AND MAY 30, 2013, **PHILLIP D. BOSKET** KNOWINGLY POSSESSED THE FIREARM DESCRIBED IN THE INDICTMENT.

THE TERM "POSSESS" AS USED IN TITLE 18, UNITED STATES CODE, SECTION 922(g)(1) MEANS TO EXERCISE AUTHORITY, DOMINION OR CONTROL OVER SOMETHING. THE LAW RECOGNIZES TWO KINDS OF "POSSESSION"--ACTUAL POSSESSION AND CONSTRUCTIVE POSSESSION. A PERSON WHO KNOWINGLY HAS DIRECT PHYSICAL CONTROL OVER A THING AT A GIVEN TIME IS THEN IN ACTUAL POSSESSION OF IT. A PERSON WHO, ALTHOUGH NOT IN ACTUAL POSSESSION, KNOWINGLY HAS BOTH THE POWER AND THE INTENTION AT A GIVEN TIME TO EXERCISE DOMINION OR CONTROL OVER A THING, EITHER DIRECTLY OR THROUGH ANOTHER PERSON OR PERSONS, IS THEN IN CONSTRUCTIVE POSSESSION OF IT.

THE LAW RECOGNIZES THAT "POSSESSION" MAY BE SOLE OR JOINT. IF ONE PERSON ALONE HAS ACTUAL OR CONSTRUCTIVE POSSESSION OF A THING, THEN POSSESSION IS SOLE. IF TWO OR MORE PERSONS SHARE ACTUAL OR CONSTRUCTIVE POSSESSION OF A THING, THEN POSSESSION IS JOINT.

YOU MAY FIND THAT THE ELEMENT OF "POSSESSION," AS THAT TERM IS USED IN THESE INSTRUCTIONS, IS PRESENT IF YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT HAD ACTUAL OR CONSTRUCTIVE POSSESSION, EITHER ALONE OR JOINTLY WITH OTHERS.

TO SATISFY THIS ELEMENT, YOU MUST ALSO FIND THAT THE DEFENDANT **PHILLIP D. BOSKET** KNOWINGLY POSSESSED THE FIREARM.  THIS MEANS THAT HE POSSESSED THE FIREARM PURPOSELY AND VOLUNTARILY, AND NOT BY ACCIDENT OR MISTAKE.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 16:05 (6th ed. 2008); 2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39:12 (6th ed. 2009); 2 Sand, Siffert, Loughlin and Reiss, *Modern Federal Jury Instructions*, Criminal, Instruction No. 35-49 (2011).

DEFENDANT'S JURY INSTRUCTION NO. 40

**FIREARM "IN OR AFFECTING COMMERCE"--DEFINED**

THE GOVERNMENT IS ALLEGING THAT THE DEFENDANT UNLAWFULLY AND KNOWINGLY POSSESSED, IN AND AFFECTING COMMERCE, A FIREARM.

THE PHRASE "IN OR AFFECTING COMMERCE" INCLUDES COMMERCE BETWEEN ANY PLACE IN A STATE AND ANY PLACE OUTSIDE OF THAT STATE. THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT AT SOME TIME PRIOR TO THE DEFENDANT'S POSSESSION, THE FIREARM HAD TRAVELED IN INTERSTATE COMMERCE. IT IS SUFFICIENT FOR THE GOVERNMENT TO SATISFY THIS ELEMENT BY PROVING THAT AT ANY TIME PRIOR TO THE DATE CHARGED IN THE INDICTMENT, THE FIREARM CROSSED A STATE LINE OR THE UNITED STATES BORDER. IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE THAT THE DEFENDANT HIMSELF CARRIED IT ACROSS A STATE LINE, NOR MUST THE GOVERNMENT PROVE WHO CARRIED IT ACROSS OR HOW IT WAS TRANSPORTED. IT IS ALSO NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE DEFENDANT KNEW THAT THE FIREARM HAD PREVIOUSLY TRAVELED IN INTERSTATE OR FOREIGN COMMERCE.

AUTHORITY:  Title 18, United States Code, Section 921(a)(2); 2A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39:14 (modified) (6th ed. 2009); 2 L. Sand, *et al*., *Modern Federal Jury Instructions,* Criminal, Instruction 35-50 (modified) (2011).

DEFENDANT'S JURY INSTRUCTION NO. 41

**VERDICT--ELECTION OF FOREPERSON--DUTY TO DELIBERATE--UNANIMITY--
PUNISHMENT--FORM OF VERDICT--COMMUNICATION WITH THE COURT**

UPON RETIRING TO THE JURY ROOM TO BEGIN YOUR DELIBERATION, YOU WILL ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON.  THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT. YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF AND HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS. DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF THEREBY BEING ABLE TO RETURN A UNANIMOUS VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES-- JUDGES OF THE FACTS OF THIS CASE.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED IN THE CASE.  NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE CONSIDERED.  NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF THIS TRIAL IS INTENDED IN ANY WAY, TO SOMEHOW SUGGEST TO YOU WHAT I THINK YOUR VERDICT SHOULD BE.  NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT, WHICH HAS BEEN PREPARED FOR YOUR CONVENIENCE, IS TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD RETURN.  WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY.  AS I HAVE TOLD YOU MANY TIMES, YOU ARE THE SOLE JUDGES OF THE FACTS.

THE PUNISHMENT PROVIDED BY LAW FOR THE OFFENSES CHARGED IN THE INDICTMENT IS A MATTER EXCLUSIVELY WITHIN THE PROVINCE OF THE COURT AND SHOULD NEVER BE CONSIDERED BY THE JURY IN ANY WAY IN ARRIVING AT AN IMPARTIAL VERDICT AS TO THE OFFENSES CHARGED.

A FORM OF VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.

**[PLEASE READ THE FORM OF VERDICT TO THE JURY]**

YOU WILL TAKE THIS FORM TO THE JURY ROOM AND, WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICTS, YOU WILL HAVE YOUR FOREPERSON WRITE YOUR VERDICT, DATE AND SIGN THE FORM, AND THEN RETURN WITH YOUR VERDICT TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY, THROUGH THE COURT SECURITY OFFICER.

NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

YOU WILL NOTE THAT THE COURT SECURITY OFFICER, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS.

BEAR IN MIND ALSO THAT YOU ARE NEVER TO REVEAL TO ANY PERSON--NOT EVEN TO THE COURT--HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF WHETHER OR NOT THE GOVERNMENT HAS SUSTAINED ITS BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 20:01 (6th ed. 2008).